**SPEIGHT FAMILY PARTNERSHIP, LLLP, a Colorado limited liability limited partnership; and Greenview Trust, Ralph R. Williams, Trustee, Plaintiffs–Appellees,**

v.

**CITY OF COLORADO SPRINGS, a home rule city of the State of Colorado; and the Board of County Commissioners of the County of El Paso, Defendants–Appellants.**

No. 03CA2236.

Colorado Court of Appeals,
Division V.

Sept. 8, 2005.

Certiorari Granted April 10, 2006.

MacDougall, Woldridge & Worley, P.C., M.E. MacDougall, Colorado Springs, Colorado, for Plaintiffs–Appellees.

Patricia K. Kelly, City Attorney, Shane White, Senior Attorney, Colorado Springs, Colorado, for Defendant–Appellant City of Colorado Springs.

Michael A. Lucas, County Attorney, Jay A. Lauer, Assistant County Attorney, Colorado Springs, Colorado, for Defendant–Appellant Board of County Commissioners of the County of El Paso.

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

CRISWELL *, J.

Defendants, the City of Colorado Springs and the Board of County Commissioners of the County of El Paso, have instituted an interlocutory appeal, pursuant to § 24–10–108, C.R.S.2004, from the district court's judgment determining that it had jurisdiction over the claims asserted against them by plaintiffs, Speight Family Partnership, LLLP, and Greenview Trust. We affirm.

The sole issue presented by this appeal is the same issue that we have this day decided in *Powell v. City of Colorado Springs,* —— P.3d —— (Colo.App. No. 03CA2030, 2005 WL 2155506, Sept. 8, 2005). In the *Powell* case, we concluded that the provisions of House Bill 03–1288, Colo. Sess. Laws 2003, ch. 182, § 24–10–103(5.5) at 1343, were not retroactive. Consequently, until that legislation became effective on July 1, 2003, a storm drainage system operated by a local government was a "sanitation facility" under the Colorado Governmental Immunity Act (GIA), § 24–10–101, et seq., C.R.S.2004.

In *Powell,* we set forth several reasons for concluding that House Bill 03–1288 was not retroactive. One of the reasons for this conclusion was that, because the issue whether a storm drainage system was a sanitation facility had been the subject of a final and binding judicial determination in that case before the GIA was amended, interpreting those amendments to be retroactive would raise grave separation of powers issues, at least with respect to the *Powell* plaintiffs.

Here, there has been no previous final determination of this issue as there had been in *Powell.* As a result, the retroactive application of House Bill 03–1288 to these plaintiffs would not raise the serious separation of governmental powers question that might have been presented in *Powell.*

Nevertheless, we conclude that, even in the absence of such a question, for the other reasons set forth in *Powell* the district court properly ruled that House Bill 03–1288 was intended to act only prospectively and that it has no application to cases, such as this one,

§ 24–51–1105, C.R.S.2004.

where the injuries occurred prior to that statute's effective date.

The judgment of the district court is affirmed.

Judge ROY and Judge NIETO concur.